IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RICARDO ANEZ, | ) | |
| | ) | |
| Petitioner, | ) | C.A. No. 06-253 Erie |
| | ) | |
| v. | ) | |
| | ) | District Judge McLaughlin |
| JAMES SHERMAN, Warden, | ) | Chief Magistrate Judge Baxter |
| FCI McKean, | ) | |
| Respondent . | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

**I.   RECOMMENDATION**

It is recommended that the Petition for Writ of Habeas Corpus filed by Petitioner, Ricardo Anez,[1] be denied.

**II.   REPORT**

Petitioner is a federal inmate currently incarcerated at the Federal Correctional Institution, McKean ("FCI McKean"), located in Bradford, Pennsylvania. He is serving a sentence of ninety-two months imprisonment with a five-year term of supervised release to follow, which was imposed in the United States District Court for the Northern District of Ohio. He has filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 (Docket # 4) and a brief in support (Docket # 5), in which he contends that the Federal Bureau of Prisons (the "BOP") erred in computing his sentence. Upon consideration of those pleadings and the Respondent's Response (Docket # 9), Petitioner's Reply (Docket # 10), Respondent's Surreply (Docket # 12), Petitioner's Traverse (Docket # 15), and his Motion for Summary Judgment and brief in support (Docket # 16), the following Report and Recommendation is issued.

---

[1] Although Petitioner spells his last name "Anez" in the pleadings he has submitted to this Court, the files maintained by the Federal Bureau of Prisons record his last name as "Anes."

1

**A.     Relevant Facts and Procedural History**

On or around December 22, 1998, officers of the Wood County, Ohio, Police Department arrested Petitioner and charged him with the state offenses of felonious assault and assault. (Exhibit[2] 2 at ¶ 4a; Exhibit 2b). The following day, the Honorable Charles F. Kurfess of the Wood County Court of Common Pleas set bond and Petitioner was released. (Exhibit 1b at p. 6; Exhibit 2b at p. 4). On January 4, 1999 his bond was revoked and a warrant was issued for his arrest. (Exhibit 2b at p. 5). On January 19, 1999, he was arrested by Wood County authorities. (Exhibit 2b at p. 5; Exhibit 2 at ¶¶ 4c-d).

Next, on January 29, 1999, Judge Kurfess issued an order modifying bond. (Exhibit 1b at p. 9; Exhibit 2b at p. 6). Among the many conditions of the bond order was the requirement that Petitioner not be charged with any criminal offenses while on bond. (Exhibit 1b at pp. 9-11). Notwithstanding the January 29 bond order, Petitioner states that he was never released from the Wood County Jail. (Docket # 5 at p. 2). He claims that "the day that [he] was to be released on bond from state custody, the State of Ohio informed the Petitioner that a federal detainer had been lodged and that he could not be released from custody." (Id.) According to him, on January 29, 1999 when he attempted to leave the Wood County Jail a jail official told him: "Your not going anywhere, the Federal Marshals want you. So put your jumpsuit back on and go back upstairs." (Docket # 10 at pp. 5-6). There is not, however, any record evidence to support Petitioner's contention that a federal detainer was lodged against him on that date.

On February 3, 1999, a federal arrest warrant was issued for Petitioner. (Docket # 12, Exhibit 1 at ¶ 4). On February 11, 1999, federal authorities borrowed him via a federal writ of habeas corpus *ad prosequendum* for processing of federal criminal charges. (Exhibit 2 at ¶ 4e). That same day, he was arrested and charged with the federal offenses of Conspiracy to Distribute and Possess with Intent to Distribute Cocaine Base and Marijuana, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B), 841(b)(1)(C) and 846. (Id. at ¶ 4f). His case was docketed in the United States District Court for the Northern District of Ohio at United States v. Ricardo Anes, Case No.

---

[2] Unless otherwise noted, all "Exhibit" citations are to the documents attached to the Response, Docket # 9.

99-CR-706 and assigned to the Honorable John W. Potter.  On February 23, 1999, federal authorities returned him to the Wood County Jail in satisfaction of the writ of habeas corpus *ad prosequendum*.  (Id. at ¶ 4g).

On March 29, 1999, a jury empaneled by the Court of Common Pleas of Wood County convicted Petitioner on the state criminal charges of felonious assault and assault.  (Id. at ¶ 4h).  On May 24, 1999, Judge Kurfess sentenced him to four years incarceration.  (Id. at ¶ 4i; Exhibit 2b at pp. 13-14).  Petitioner also ultimately was credited against his state sentence with 159 days for time served prior to the commencement of his state sentence.  (Exhibit 1b; Exhibit 2d).  Petitioner's state sentence commenced on June 4, 1999.  (Exhibit 2 at ¶ 4j).

On November 30, 1999, federal authorities once again borrowed Petitioner pursuant to a federal writ of habeas corpus *ad prosequendum* for processing of the federal charges.  (Id. at ¶ 4k).  On January 10, 2000, he appeared before Judge Potter and pleaded guilty to the outstanding federal charges.  (Id. at ¶ 4l; Exhibit 2e).  On April 12, 2000, Judge Potter sentenced him to ninety-two months imprisonment, with a five-year term of supervised release to follow.  (Id. at ¶ 4m; Exhibit 2e).  Judge Potter did not direct that Petitioner's federal sentence run concurrent with his state sentence.  (Id. at ¶ 6; Exhibit 2e).  On April 18, 2000, federal authorities returned Petitioner to state authorities in satisfaction of the federal writ of habeas corpus *ad prosequendum*.  (Id. at ¶ 4n).

Petitioner's state sentence expired on December 18, 2002, and he was released to a federal detainer.  (Id. at ¶ 4o).  The BOP commenced his federal sentence on that date.  (Id. at ¶ 6).  At some point, Petitioner learned that the BOP would not credit against his federal sentence the time he served in official detention both prior to and during his state sentence.  In July 2004, he filed a *pro se* motion to amend his federal judgment of sentence nunc pro tunc in the Northern District of Ohio.  (See Docket # 327 of United States v. Ricardo Anes, Case No. 99-CR-706 (N.D. OH)).  In the motion, he requested that Judge Potter modify his federal sentence to reflect that it was to have been served concurrent with his then-expired state sentence.  On September 20, 2004, Judge Potter denied the motion and noted that: "There is no indication that the Court's intent, expressed or unexpressed, was for defendant's state and federal sentences to run concurrently."  (United States v. Ricardo Anes, Case No. 99-CR-706, slip op. at p. 3 n.3 (N.D. OH Sept. 20, 2004) (Docket # 329)).

3

Petitioner next targeted the BOP's calculation of his federal sentence.  On April 27, 2006, he filed a Request for Administrative Remedy with the Warden of FCI McKean in which he contended that the BOP improperly calculated his sentence because the state court granted him bond on January 29, 1999 but the "bond was revoked by virtue of a federal detainer." (Exhibit 1b at p. 3).  His request for administrative remedy was denied, as was his subsequent Regional Administrative Remedy Appeal and his Central Office Administrative Remedy Appeal.  (Id.)

After the denial of his administrative appeals, Petitioner filed the instant petition for writ of habeas corpus.  He claims that the BOP erred in calculating his federal sentence by failing to commence it on either: (1) January 29, 1999 – the date he contends the BOP assumed primary jurisdiction over him because the state officials purportedly refused to release him on bond due to the issuance of a federal detainer; or, (2) April 12, 2000 – the date Judge Potter imposed the sentence.  In the alternative, he contends that the BOP erred in denying him presentence credit for time served in official detention after January 29, 1999.  As relief, he seeks release from custody.

**B.      Subject Matter Jurisdiction**

Initially, the court notes that, although a challenge to a federal sentence as imposed must be made under 28 U.S.C. § 2255, a claim concerning execution of a federal sentence by federal prison and parole authorities is properly brought under 28 U.S.C. § 2241.  Bennett v. Soto, 850 F.2d 161, 162-63 (3d Cir. 1988); Gomori v. Arnold, 533 F.2d 871, 873-75 (3d Cir. 1976).  Because Petitioner is challenging the terms (*i.e.*, execution) of his sentence, his habeas petition is properly brought under 28 U.S.C. § 2241.

**C.      Exhaustion**

A federal prisoner seeking habeas relief under 28 U.S.C. § 2241 first must exhaust administrative remedies before bringing his or her claim to federal court.  United States v. Wilson, 503 U.S. 329, 334-35 (1992); Moscato v. Federal Bureau of Prisons, 98 F.3d 757 (3d Cir. 1996).  The BOP is the agency charged with administering the federal prison system, Wilson, 503 U.S. at 334-35, and for all federal prisoners challenging BOP determinations, the initial venue is the

4

administrative process. The BOP codified its Administrative Remedy Program in 28 C.F.R. Part 542, which provides detailed procedures and guidelines for federal prisoners to seek administrative review of any aspect of their confinement. Respondent concedes that Petitioner has exhausted his available administrative remedies with the BOP on the issues that are the subject of this petition. (Docket # 9 at p. 4).

**D.      Discussion**

    **1.      The BOP Properly Computed Petitioner's Sentence**

The authority to calculate a federal prisoner's period of incarceration for the sentence imposed, and to provide credit for time served, is delegated to the Attorney General, who exercises it through the BOP. See e.g., Wilson, 503 U.S. at 331; 28 C.F.R. § 0.96. According to BOP records, Petitioner committed his federal offenses at the earliest in September 1997. (Exhibit 1c at p. 2). For any federal prisoner who committed his or her offense after November 1, 1987, calculation of his or her sentence is governed by 18 U.S.C. § 3585. In addressing any sentencing computation under that statute, the following two considerations must be considered: (1) when the federal sentence commenced; and, (2) the extent to which the petitioner may be entitled to credit for time spent in official detention prior to commencement of the sentence. See Chambers v. Holland, 920 F.Supp. 618, 621 (M.D. Pa.), aff'd, 100 F.3d 946 (3d Cir. 1996).

    **(a)      Petitioner's Federal Sentence Commenced on December 18, 2002**

The first inquiry, concerning the commencement of Petitioner's federal sentence, is governed by Section 3585(a), which states:

> (a) Commencement of sentence. – A sentence to a term of imprisonment commences **on the date the defendant is received in custody awaiting transportation to**, or arrives voluntarily to commence service of sentence at, **the official detention facility at which the sentence is to be served**.

18 U.S.C. § 3585(a) (emphasis added).

In this case, the BOP properly commenced Petitioner's sentence on December 18, 2002, the date his state sentence expired and he was released to a federal detainer to serve his federal

sentence. (Exhibit 2 at ¶ 6). The BOP could not have commenced Petitioner's federal sentence on January 29, 1999, as Petitioner contends it should have, because the sentence was not imposed until over fourteen months later, on April 12, 2000, and a federal sentence cannot commence earlier than the date upon which it was imposed. 18 U.S.C. § 3585(a); See e.g., United States v. LaBeille-Soto, 163 F.3d 93, 98 (2nd Cir. 1998); DeMartino v. Thompson, No. 96-6322, 1997 WL 362260 at *2 (10th Cir. July 1, 1997) ("Logically, a [federal sentence] cannot commence prior to the date it is pronounced[.]"); see also BOP Program Statement 5880.28, Chapt. 1.3 ("In no case can a federal sentence of imprisonment commence earlier than the date on which it is imposed.")

Moreover, the BOP could not have commenced Petitioner's federal sentence on April 12, 2000, the date it was imposed, because Judge Potter did not direct that Petitioner serve his federal sentence concurrent with the state sentence that he was already serving. Therefore, his federal sentence ran consecutive to his state sentence. 18 U.S.C. § 3584(a); see e.g., Gomori, 533 F.2d at 875-76; (Exhibit 2 at ¶¶ 5-6). As such, December 18, 2002 – the date Petitioner's state sentence expired and he was turned over to federal custody – was the earliest possible date that the BOP could have commenced the sentence imposed.

### (b) Petitioner Is Not Entitled to the Presentence Credit He Seeks

Because the BOP commenced Petitioner's sentence on the earliest date that the sentence imposed could have commenced, his request for time served in official detention from January 29, 1999 forward must be treated as a request for presentence credit under Section 3585(b), which states:

> (b) Credit for prior custody. – **A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences** –
>
> (1) as a result of the offense for which the sentence was imposed; or
>
> (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
>
> **That has not been credited against another sentence.**

18 U.S.C. § 3585(b) (emphasis added). The intent of the last clause of Section 3585(b) is to prohibit double sentencing credit situations. Wilson, 503 U.S. at 337; see e.g., Rios v. Wiley, 201

6

F.3d 257, 271-72 (3d Cir. 2001). Simply put, under Section 3585(b), the BOP may not grant presentence credit for time that has been credited against another sentence.[3] Id.; Rios, 201 F.3d at 271–72.

In this case, in order to calculate Petitioner's presentence credit, the BOP contacted the Ohio Department of Corrections and was informed by it that Petitioner had received credit against his state sentence for:

(1) all of the time served in official detention from December 23, 1998 until the commencement of his state sentence on June 4, 1999; and,

(2) all of the time he served from June 4, 1999 through December 18, 2002 (the date his state sentence expired and he was released to federal custody).

(Exhibit 2 at ¶ 7; Exhibit 1d; Exhibit 2d).

Because all of the time Petitioner served in official detention between the time period at issue here – January 29, 1999 through December 18, 2002 – was credited against the sentence imposed by the State of Ohio, the BOP was *statutorily precluded* under Section 3585(b) from granting Petitioner with presentence credit between those dates. It had no authority to provide Petitioner with the credit to which he claims he is entitled.

Petitioner argues that the BOP should have awarded him with presentence credit from January 29, 1999 forward because on that date state authorities would have released him on bond but for the issuance of a federal detainer. He argues that because the state detained him solely due to the issuance of the federal detainer, the state transferred primary jurisdiction of him to federal authorities. Respondent disputes Petitioner's position that the state bond order is evidence that state authorities relinquished primary jurisdiction over him. (See Docket # 12). Because the state/local jail officials did not release Petitioner on bond, Respondent argues, primary jurisdiction over him was never transferred since the relinquishment of jurisdiction is an executive function,

---

[3] There are two limited exceptions to the rule prohibiting double credit. Pursuant to the rules set out in Kayfez v. Gasele, 993 F.2d 1288 (7th Cir. 1993) and Willis v. United States, 438 F.2d 923 (5th Cir. 1971), federal prisoners may receive "qualified non-federal presentence credits" if certain conditions are met. Among the several conditions is the requirement that the petitioner's federal and non-federal sentences be concurrent, which is not met in this case.

not a judicial function. (Id. at 3-4 (citing United States v. Warren, 610 F.2d 680, 685 (9th Cir. 1980); Jimenez v. Warden, 147 F.Supp.2d 24, 28 (D.Mass. 2001)). Respondent further contends that the evidence does not support Petitioner's contention that he was not released on state bond on January 29, 1999 due to a federal detainer.

Respondent's position is persuasive. There is no record evidence of a federal detainer issued on or around January 29, 1999, and the federal arrest warrant was not issued until February 3, 1999. How could the state/local jail officials' decision not to release Petitioner on bail on January 29, 1999 have been solely influenced by the federal arrest warrant if that warrant had not yet been issued? Additionally, determination of priority of custody and service of sentence between state and federal sovereigns is a matter of comity to be resolved by the executive branches of the two sovereigns. See e.g., United States v. Warren, 610 F.2d 680, 684-85 (9th Cir. 1980). Here, it cannot be disputed that state and federal authorities always operated under the understanding that the state had primary jurisdiction over Petitioner. Every time the federal officials obtained physical custody over Petitioner, it "borrowed" him from the state pursuant to a writ of habeas corpus *ad prosequendum* for the purpose of processing the federal charges.[4] Finally, although it is not clear from the record why Petitioner was not released by the state/local jail authorities after the issuance of the January 29, 1999 bond order, the federal arrest warrant issued on February 3, 1999 would have been a violation of a condition of his bond, warranting revocation of it. As such, to the extent that Petitioner argues that the state/local jail officials held him after the federal arrest warrant was issued "solely" for federal officials and that therefore he was, in effect, in federal custody, that contention is unconvincing. It may be that Petitioner was never released from state bond because by the time the state bond order was processed and he was hooked up with the required electronic monitoring device, the federal arrest warrant had been issued and Petitioner had therefore already violated a condition of his bond.

---

[4] A prisoner detained pursuant to a writ of habeas corpus *ad prosequendum* is considered to remain in the primary custody of the first jurisdiction unless and until the first sovereign relinquishes jurisdiction over the person. See e.g., Ruggiano v. Reish, 307 F.3d 121, 125 n.1 (3d Cir. 2002). The receiving sovereign-in this case, the federal government-is, therefore, considered simply to be "borrowing" the prisoner from the sending sovereign for the purposes of indicting, arraigning, trying, and sentencing him. Id.

In any event, even if this Court credited Petitioner's assertion and assumed for the sake of argument that there was a federal detainer issued on or around January 29, 1999 and that state/local jail officials detained him "solely" because of that detainer from that date until his state conviction several months later in March 1999, Petitioner still would not be entitled to the relief he seeks. If this Court operates under that assumption, he could perhaps satisfy one requirement necessary to be entitled to presentence credit under Section 3585(b) – that he was in official detention "as a result of the offense for which the [federal] sentence was imposed." 18 U.S.C. § 3585(b)(1); accord, Bloomgren v. Belaski, 948 F.2d 688 (10th Cir. 1991). But, he would not be able to satisfy the second condition required to be entitled to presentence credit, *i.e.*, that the time the state purportedly held him due to the issuance of the federal detainer was not credited against his state sentence. Therefore, even if the state detained him for any period of time solely because of a federal detainer and would have otherwise released him on bail if not for that detainer, the express terms of Section 3585(b) preclude the BOP from awarding him with presentence credit for that time.

Before this Court and during his administrative appeals, Petitioner has relied primarily upon Bloomgren v. Belaski, 948 F.2d 688 (10th Cir. 1991). That case, however, only assists him perhaps in satisfying the condition set forth in Section 3585(b)(1), and provides him with no assistance in satisfying the second condition set forth in the final provision of the statute. In Bloomgren, the Tenth Circuit Court of Appeals noted a general rule that a federal prisoner is presumptively entitled to presentence credit for his imprisonment in state prisons for an otherwise bailable state offense while subject to a federal detainer. As explained in Bloomgren, if that individual was detained by state officials solely because of the existence of a federal detainer, the time he was detained by the state would qualify as "time spent in custody" in connection with the federal offense. In contrast to this case, the petitioner in Bloomgren committed his federal offense prior to November 1, 1987, and therefore his sentence computation was governed by 18 U.S.C. § 3568, which was repealed by the Comprehensive Crime Control Act of 1984 and replaced by 18 U.S.C. § 3585, which governs Petitioner's case. Unlike Section 3568 (repealed), Section 3585(b) contains the additional express provision that mandates a federal prisoner may not receive double

sentencing credit. For that reason, the general rule discussed in Bloomgren does not support Petitioner's claim for presentence credit in this case.[5]

In conclusion, Respondent has submitted uncontradicted evidence that demonstrates that the BOP properly calculated Petitioner's sentence under 18 U.S.C. § 3585(a) & (b), BOP policy, and applicable case law. Petitioner is not entitled to the relief that he seeks.

### 2.     Petitioner's Summary Judgment Motion Is Denied

Petitioner has filed a Motion for Summary Judgment in which he contends that he has proven that he is entitled to habeas relief on his claims. (Docket # 16). In light of this Report and Recommendation that habeas relief be denied, Petitioner's motion is DISMISSED AS MOOT.

### 3.     Petitioner's "Clarified" Claim Is Not Cognizable In a Section 2241 Petition

Finally, on September 25, 2007, Petitioner filed a letter with the court stating that he "has encountered a case that 'clearly clarify' [sic] his claim that's before this Honorable Court." (Docket # 17). The case that he relies upon is Blount v. United States, 330 F.Supp.2d 493 (E.D. Pa. 2004). In that case, the district court granted the defendant's motion to vacate, set aside, or correct his sentence pursuant to a 28 U.S.C. § 2255 motion, on the basis that the defendant's sentencing counsel provided him with ineffective assistance for failing to request a downward departure under the Sentencing Guidelines to give the defendant full credit for time he had already served on a concurrent state sentence. Blount, 330 F.Supp.2d at 498-99. The parties in Blount agreed that the defendant's sentencing counsel failed to seek the downward departure and that the proper remedy

---

[5] The court is aware that The Court of Appeals for the Third Circuit has observed "that the majority of the courts addressing the meaning of [S]ection 3586 interpreted the statute to prohibit the award of 'double credit' despite the fact that the language of the statute did not explicitly limit its application in that manner[,]" and that Congress may have added the last clause of Section 3585(b) to codify then-existing case law interpreting Section 3568 (repealed). Rios, 201 F.3d at 273-74. The "double credit" issue was not discussed in Bloomgren, perhaps because such a discussion would have been premature because the record in that case was remanded to the district court to determine in the first instance whether the petitioner would have been released on state bail but for the federal detainer, and/or perhaps because the issue was not immediately apparent because Section 3568 (repealed) did not expressly prohibit double credit. Whatever the case, the final provision of Section 3585(b) qualifies the general rule discussed in Bloomgren and it prohibits the BOP from awarding the presentence credit that Petitioner seeks in his habeas petition.

10

in that case was to resentence the defendant in order to determine whether or not a downward departure was warranted.  Id.

It is assumed that Petitioner seeks to raise the same claim here that the defendant prevailed on in Blount, although that case is obviously distinguishable from the instant case because Petitioner's federal sentence was not imposed concurrent to his state sentence.  In any event, a claim that Petitioner received ineffective assistance at his sentencing is not cognizable in a petition for habeas relief under 28 U.S.C. § 2241.  As set forth above in *Section B*, challenges to the validity of a federal prisoner's sentence must be presented to the sentencing court in a motion pursuant to 28 U.S.C. § 2255 (the statute under which the defendant in Blount raised his claims). Bennett, 850 F.2d at 162-63; Gomori, 533 F.2d at 873-75; see also, Miller v. United States, 564 F.2d 103, 105 (1st Cir. 1977), cert. denied, 435 U.S. 931 (1978).  "As a general rule, a [Section] 2255 motion 'supersedes habeas corpus and provides the exclusive remedy' to one in custody pursuant to a federal court conviction[,]" Brown v. Mendez, 167 F.Supp.2d 723, 726 (M.D. Pa. 2001) (quoting Strollo v. Alldredge, 463 F.2d 1194, 1195 (3d Cir. 1972)), and a habeas corpus petition pursuant to Section 2241 "'is not an additional, alternative or supplemental remedy to 28 U.S.C. § 2255.'"  Id. (quoting Myers v. Booker, 232 F.3d 902, 2000 WL 159967 at *1 (10th Cir. 2000)).  Accordingly, any claim by Petitioner that his sentencing counsel provided him with ineffective assistance for failing to seek a downward departure under the Sentencing Guidelines should have been presented in a timely Section 2255 motion in the Northern District of Ohio, and under Section 2241 jurisprudence, the claim simply is not within the jurisdiction of this court.[6]

---

[6] The limitations period for Petitioner to file a Section 2255 motion has long since expired, but that does not affect this court's analysis.  Section 2255's "savings clause" provides that if the remedy available pursuant to that statute appears to be "inadequate or ineffective to test the legality of [a petitioner's] detention," a petitioner may file a petition for writ of habeas corpus.  28 U.S.C. § 2255.  The Third Circuit made clear in Cradle v. United States, 290 F.3d 536, 538-39 (3d Cir. 2002), however, that a petitioner's failure to file a timely Section 2255 motion does not establish that Section 2255 provides an inadequate or ineffective remedy.

11

**III.     CONCLUSION**

      For the foregoing reasons, it is respectfully recommended that the Petition for Writ of Habeas Corpus be denied.  In accordance with 28 U.S.C. § 636(b)(1)(B) and (C), and Rule 72.1.4(B) of the Local Rules for Magistrates Judges, the parties are allowed ten (10) days from the date of service to file written objections to this Report and Recommendation.  Any party opposing the objections shall have seven (7) days from the date of service of objections to respond thereto.  Failure to file timely objections may constitute a waiver of any appellate rights.  See <u>Nara v. Frank</u>, 488 F.3d 187 (3d Cir. 2007).

Dated: October 9, 2007

                                            <u>/s/ Susan Paradise Baxter</u>
                                            SUSAN PARADISE BAXTER
                                            CHIEF UNITED STATES MAGISTRATE JUDGE